## KETCHAM *v.* BURR ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 114. Submitted January 2, 1918.—Decided January 14, 1918.

Appellant, having been for a time confined in an asylum as an insane person after due proceedings in a state probate court, took no appeal or other proceedings in the state courts, but long after his escape

filed this bill against the owner and officials of the asylum, the present and former judges and registers of the probate court, and others, to regain certain documents and set aside the inquisition. *Held*, that no construction or application of the Constitution was involved, and hence this court lacked jurisdiction of a direct appeal from the District Court.

Appeal dismissed.

THE case is stated in the opinion.

*Mr. William D. Williams, Mr. Renwick F. H. Mac-Donald* and *Mr. Dell H. Thompson* for appellant.

*Mr. John J. Carton* for appellees.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Having heard the cause upon bill, answer and replication, the District Court dismissed the bill. In support of this direct appeal it is said that the construction or application of the Federal Constitution is involved. Judicial Code, § 238.

The defendants are the corporation which owns and operates Oak Grove asylum in Genesee County, Michigan; the medical director and chief guard of that institution; the present and a former judge, and also the present and a former register of the Probate Court of Genesee County; two examining physicians who upon an inquest held before that court certified complainant's insanity; and the attorney who represented the petitioner therein.

The bill is a nebulous recital of grievances against defendants and many others—all alleged to have been wicked conspirators seeking to deprive appellant of his liberty and money. It appears that the appellant, a citizen of Indiana, having effected his escape from an

insane asylum in Wisconsin was taken by his family and friends to Oak Grove for medical care and treatment in May, 1906; and that directly thereafter a petition asking an inquisition concerning his sanity was duly presented to the Probate Court by the superintendent of that institution as provided by a state statute. After a hearing he was adjudged insane and committed for treatment; the right to appeal was not exercised. In October, 1906, he escaped, and this bill was filed May 11, 1912, without prior application for relief to any court of the State. It prays (1) that defendants be required to give an account of and restore to complainant all writings, letters, documents and papers placed in their hands in connection with the inquisition, and (2) that the judge and register of the Probate Court be required to set aside and hold for naught the pretended inquisition in insanity and make adequate entry accordingly on the record.

All equities of the bill are fully denied in the answer; and the claim that the cause really involves construction or application of the Federal Constitution is without foundation.

We have no jurisdiction to entertain the appeal and it must be

*Dismissed.*